UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>    v.<br><br>ERIC MOORE,<br><br>    Defendant-Petitioner. | CASE NO. 1:12-CR-00349-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S § 2255 MOTION<br><br>ECF Nos. 90, 95 |

## I. INTRODUCTION

On December 21, 2015 Petitioner Eric Moore ("Petitioner") filed a *pro se* motion, pursuant to Title 28, United States Code, Section 2255 ("Section 2255 Motion"), in which he asserts that *Johnson v. United States*, 135 S. Ct. 2551 (2015), may impact the length of his sentence. ECF No. 90. Following the Court's referral of Petitioner's motion to the Federal Defender's Office ("FDO"), the FDO filed a supplement to Petitioner's motion. ECF No. 95. The Government did not file an opposition to Petitioner's motion, and Petitioner has requested that the Court rule on his § 2255 motion in the interests of justice. *See* ECF No. 98. For the reasons that follow, the Court DENIES Petitioner's motion under § 2255.

## II. BACKGROUND

On August 12, 2013, Petitioner was sentenced to 120 months in prison after pleading guilty to two counts on a Superseding Information of conspiracy to commit theft from a federal firearms licensee and to possess stolen firearms, in violation of 18 U.S.C. § 371. ECF No. 70. Petitioner's Presentence Investigation Report ("PSR") determined that his base offense level to be 24, pursuant to section 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G") on account of him having two prior

"crime of violence" convictions. ECF No. 66 ¶ 29. Because Petitioner's offense involved between 25 to 99 firearms, 6 levels were added pursuant to U.S.S.G. § 2K2.1(b)(1)(C); because the offense involved stolen firearms, 2 levels were added pursuant to U.S.S.G. § 2K2.1(b)(4)(A); resulting in Petitioner maxing out his special offense characteristics cumulative offense level at 29 pursuant to the instruction following U.S.S.G. § 2K2.1(b)(4). *Id.* Because Petitioner was involved in the trafficking of stolen firearms, 4 levels were added pursuant to U.S.S.G. §§ 2K2.1(b)(5) and 1B1.3, and 4 levels were added pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Petitioner used or possessed a firearm in connection with another felony offense. *Id.* ¶ 30. Under U.S.S.G § 2K2.1, Petitioner's adjusted offense level was 37. *Id.* After accounting for a 3-level reduction for acceptance of responsibility, the PSR determined Petitioner's total offense level to be 34. *Id.* ¶¶ 39-41. With a total offense level of 34 and a criminal history category of VI, the Guidelines imprisonment range is 262 to 327 months. *Id.* ¶ 81. However, pursuant to U.S.S.G. § 5G1.2(d), which applies when the statutorily authorized maximum sentences are less than the minimum of the applicable Guideline range, the applicable Guidelines range was determined to be 120 months. *Id.* ¶ 109 (the maximum terms of imprisonment for both counts 1 and 2 is 5 years). On May 1, 2015, the Court entered a judgment sentencing Petitioner to a 120-month term of imprisonment. ECF No. 70.

Petitioner did not appeal his conviction or sentence. ECF No. 95 at 10.[1] This is his first motion under 28 U.S.C. § 2255. *Id.*

### III. LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

---

[1] Pincites refer to CM/ECF pagination located at the top of each page.

    [2] that the court was without jurisdiction to impose such sentence; or

    [3] that the sentence was in excess of the maximum authorized by law; or

    [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B.   ***Johnson v. United States***

    Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015) ("*Johnson II*"); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

    In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the

residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

## IV. DISCUSSION

Petitioner challenges his sentence on the basis that the Guidelines calculation underlying his sentence incorporated the same definition of a "crime of violence" that the Supreme Court determined was unconstitutionally vague in the context of the ACCA in *Johnson*.[2] ECF No. 95 at 10. Although Petitioner was sentenced under the Guidelines rather than the ACCA, the Guidelines' definition of "crime of violence" includes an identical residual clause to the one held to be unconstitutionally vague in *Johnson*. U.S.S.G. § 4B1.2(a)[3] ("the term 'crime of violence' means any offense . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as

---

[2] Petitioner has not asserted that any other aspect of his sentence is unlawful. *See* ECF No. 95 at 22 ("Because the Guideline range used at sentencing was premised on the erroneous conclusion that Mr. Moore had two prior crimes of violence under § 4B1.2, this Court should vacate Mr. Moore's sentence and re-sentence him after first calculating an advisory guideline range that is not enhanced under § 4B1.1").

[3] At the time Petitioner was sentenced, section 4B1.2(a) of the Guidelines provided as follows:

> The term "crime of violence means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> 
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> 
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

USSG § 4B1.2(a) (emphasis added).

defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). For purposes of this motion and in light of the Government's failure to file an opposition, the Court will assume, without deciding, that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after *Johnson*[4], that Petitioner's convictions for evading a peace officer under California Vehicle Code ("CVC") § 2800.2 are no longer "crimes of violence" within the meaning of the remaining clauses of § 4B1.2(a), that *Johnson* applies retroactively to the Guidelines, and that Petitioner's motion is timely.

Nonetheless, upon review of the record in this case, the Court finds it most proper to deny Petitioner's motion. As noted above, Petitioner's 120-month sentence was determined pursuant to U.S.S.G. § 5G1.2(d), which provides in relevant part as follows: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." Petitioner pleaded guilty to two counts of violating 18 U.S.C. § 371, which has a five-year maximum term of imprisonment. PSR ¶ 1. At sentencing, the Court imposed the statutory maximum five-year sentence for both counts and ran them consecutively for a total term of 120 months imprisonment. *See* ECF No. 70. Importantly, the 120-month sentence imposed by the Court is still <u>less</u> than what Petitioner claims his Guidelines range would have been without the "crime of violence" enhancement under U.S.S.G. § 4B1.2(a). To be clear, the PSR determined Petitioner's base offense level to be 24 based upon his CVC § 2800.2 convictions (*see* PSR ¶ 29), his total offense level to be 34 after the relevant upward and downward adjustments, his criminal

---

[4] The majority of circuit courts that have considered this issue have assumed that *Johnson* invalidates § 4B1.2(a)(2)'s residual clause. *See, e.g.*, *United States v. Soto-Rivera,* 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x 37, 43 (2d Cir. 2016) (per curiam); *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2015); *United States v. Frazier,* 621 F. App'x 166, 168 (4th Cir. 2015) (per curiam); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F3d 931, 932-33 (8th Cir. 2015) (per curiam); *United States v. Benavides*, 617 F. App'x 790, 790 (9th Cir. 2015) (per curiam); *United States v. Madrid*, 805 F.3d1204, 1210 (10th Cir. 2015); *In re Booker*, No. 16-3018 (D.C. Cir. June 10, 2016). The issue of whether the residual clause of § 4B1.2(a) is void for vagueness is currently pending before the Supreme Court. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016).

history category to be IV, and his Guidelines range to be 262 to 327 months. PSR ¶ 81; *see also* Sentencing Table, U.S.S.G. Chapter 5, Part A. Petitioner contends that without the crime of violence enhancement, his base offense level would be 14 pursuant to U.S.S.G. § 2K2.1(a)(6), and with the relevant upward and downward adjustments, his Guidelines range would be 130-167 months based on a total offense level of 27 and a criminal history category of IV. ECF No. 95 at 9. Even assuming that Petitioner is correct does not change the fact that the Court imposed the 120-month term of imprisonment pursuant to a Guidelines provision that is not affected by the § 4B1.2(a) enhancement. While the Court does not dispute that a CVC § 2800.2 conviction can no longer constitute a "crime of violence" for purposes of the § 4B1.2(a) enhancement, this issue is irrelevant for Petitioner because his 120-month sentence was determined independently of the § 4B1.2(a) enhancement.

In sum, Petitioner has failed to demonstrate that his sentence was imposed in violation of the Constitution or the laws of the United States. Therefore, the Court DENIES Petitioner's § 2255 motion.

### CONCLUSION AND ORDERS

For the reasons above, the Court **DENIES** Petitioner Eric Moore's § 2255 motion (ECF Nos. 90, 95).

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **February 8, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE