| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Respondent,<br><br>v.<br><br>ERIC MOORE,<br><br>                Defendant-Petitioner. | 1:12-cr-00349-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING SECOND AND SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 102)** |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. **INTRODUCTION**

Before the Court is Petitioner Eric Moore's ("Petitioner") *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), in which he argues that he suffered from the ineffective assistance of counsel during his plea negotiation and sentencing in this case. ECF No. 102. This is Petitioner's second § 2255 petition. Petitioner first moved under § 2255 on December 21, 2015, ECF No. 90, after which the Federal Defender's Office filed a supplement to the motion, ECF No. 95. In a decision dated February 8, 2017, the Court denied Petitioner's § 2255 motion. ECF No. 99.

Petitioner filed his second § 2255 motion on August 31, 2018. ECF No. 102.

## II. **DISCUSSION**

Section 2255 provides that a prisoner may not bring a second or successive motion under § 2255 in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

1

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). The procedure for certification provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). *See also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam) (where petitioner "neither sought nor received authorization from the Court of Appeals" before filing a second or successive habeas petition, the district court "was without jurisdiction to entertain it").

Because Petitioner has filed a second § 2255 motion without certification from the Ninth Circuit Court of Appeals, this court lacks jurisdiction to review the merits of the petition. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029–30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

Accordingly, **IT IS HEREBY ORDERED:**

1) Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 102) is **DISMISSED**; and

2) Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability with respect to the filing of this successive § 2255 motion without permission of the U.S. Court of Appeals for the Ninth Circuit. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Should Petitioner wish to file a second § 2255 motion, he must obtain the requisite certification from the Ninth Circuit. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

IT IS SO ORDERED.

Dated: **September 7, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE