UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>ERIC MOORE,<br><br>　　　　Defendant-Petitioner. | 1:12-cr-00349-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DISMISSING "SUPPLEMENTAL TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255" (ECF No. 104) |

　　　On September 7, 2018, the Court denied Petitioner's second habeas petition, ECF No, 102, because a petitioner may not bring a second or successive habeas petition without first securing permission from the appropriate court of appeals to do so. ECF No. 103. As the Court explained, without certification from the Ninth Circuit Court of Appeals, this court lacks jurisdiction to review the merits of a second § 2255 petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam) (where petitioner "neither sought nor received authorization from the Court of Appeals" before filing a second or successive habeas petition, the district court "was without jurisdiction to entertain it").

　　　On September 10, 2018, Petitioner filed what he styled as a "Supplemental to His Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. 2255." ECF No. 104. To the extent that this can be construed as another § 2255 petition, the Court is without jurisdiction to reach the merits of it for

the reasons explained in its Order dated September 7, 2018.

Accordingly, the motion is **DISMISSED**.

IT IS SO ORDERED.

Dated:  **September 24, 2018**      /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE